UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEORGE H. COLLIER,

 Plaintiff,

v.               CASE No. 8:11-CV-1350-T-30TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

 Defendant.

_____

## REPORT AND RECOMMENDATION

The plaintiff seeks judicial review of the Commissioner of Social Security's denial of reopening of his disability benefits claim, which was closed nearly 20 years earlier.[1] The Commissioner moves to dismiss this lawsuit on the ground that the court lacks subject matter jurisdiction. That motion should be granted.

I.

On June 4, 1986, the Social Security Administration ("SSA") issued a determination that the plaintiff was disabled as of March 2, 1981

---

[1]This matter comes before the undersigned pursuant to the Standing Order of this court dated January 5, 1998. See also Local Rule 6.01(c)(21).

(Doc. 9-1, ¶(3)(a); Doc. 9-2, p. 1). The primary diagnosis was listed as schizophrenia with acute exacerbation (Doc. 9-2, Ex. 1).

Notwithstanding the plaintiff's mental illness, he was able to work at various times as a self-employed life insurance broker (Doc. 9-1, ¶(3)(a); see Doc. 9-2, p. 26). According to Social Security regulations, it is permissible to work and receive disability benefits during a "trial work period." 20 C.F.R. 404.1592(a). In this case, the plaintiff's trial work period began in July 1986, and continued through March 1987 (Doc. 9-2, p. 4).

In correspondence dated July 24, 1989, the SSA notified the plaintiff that his file showed that he was able in January 1988 to engage in substantial gainful activity ("SGA") (Doc. 9-1, ¶(3)(b); Doc. 9-2, pp. 6-7). Thus, the plaintiff's work reports and income tax forms showed that, in 1988, he was a self-employed insurance agent who worked an average of at least 40 hours per week and had earnings exceeding $34,000 (Doc. 9-2, pp. 6-7). The plaintiff was advised that, based on this information, March 1988 would be the last month of his entitlement to a disability check (id.). However, the plaintiff was given ten days to submit a statement or evidence before a final determination was made regarding his ability to engage in SGA (id., p. 7).

The record contains no information that the plaintiff submitted a statement or evidence (Doc. 9-1, ¶(3)(b)).

In a Social Security Disability Notice dated August 25, 1989, the plaintiff was formally notified that his entitlement to disability benefits ceased as of March 1988, because he was able to engage in SGA in January 1988 (Doc. 9-1, ¶(3)(c); Doc. 9-2, pp. 9-10). The plaintiff was advised that he had 60 days to request reconsideration of this determination (Doc. 9-2, p. 10). The record contains no evidence that the plaintiff requested reconsideration of the determination to cease benefits (Doc. 9-1, ¶(3)(c)).

The notice also informed the plaintiff to contact the SSA if he stopped doing substantial gainful work within 36 months after the end of his trial work period because monthly benefit checks could be started again (Doc. 9-2, p. 9). See 20 C.F.R. 404.1592a(2)(i) (a disabled person who does not engage in SGA during the extended period of eligibility (which is for 36 months after the end of the trial period) may be entitled to reinstatement of disability benefits).

The Commissioner states that the record contains no evidence that the plaintiff contacted the SSA with information that he stopped

The record contains no information that the plaintiff submitted a statement or evidence (Doc. 9-1, ¶(3)(b)).

In a Social Security Disability Notice dated August 25, 1989, the plaintiff was formally notified that his entitlement to disability benefits ceased as of March 1988, because he was able to engage in SGA in January 1988 (Doc. 9-1, ¶(3)(c); Doc. 9-2, pp. 9-10). The plaintiff was advised that he had 60 days to request reconsideration of this determination (Doc. 9-2, p. 10). The record contains no evidence that the plaintiff requested reconsideration of the determination to cease benefits (Doc. 9-1, ¶(3)(c)).

The notice also informed the plaintiff to contact the SSA if he stopped doing substantial gainful work within 36 months after the end of his trial work period because monthly benefit checks could be started again (Doc. 9-2, p. 9). See 20 C.F.R. 404.1592a(2)(i) (a disabled person who does not engage in SGA during the extended period of eligibility (which is for 36 months after the end of the trial period) may be entitled to reinstatement of disability benefits).

The Commissioner states that the record contains no evidence that the plaintiff contacted the SSA with information that he stopped

performing SGA during that 36-month period (Doc. 9-1, ¶(3)(c)). Further, the SSA allegedly attempted to contact the plaintiff to determine whether he was performing SGA during this extended eligibility period, but the plaintiff did not provide the necessary information (see Doc. 9-2, p. 26). The plaintiff counters that, in March 1990, the last month of his extended eligibility period, he told the SSA during a telephone conversation that he had no money (Doc. 14, p. 4).

More than 18 years later, in October 2008, the plaintiff, through his counsel, requested the defendant to reinstate disability benefits from March 1990 to the present, on the basis that he was entitled to automatic reinstatement of benefits in March 1990, when his earnings fell below the SGA level (see Doc. 9-2, pp. 11-12; see also id., pp. 21, 23, 31). Plaintiff's counsel stated that, due to a lack of information from the SSA and the plaintiff's mental illness, the plaintiff "did not understand what his rights were, why his benefits had stopped and what his possibilities or options were with regard to SSA" (id., pp. 21-22).

In a response dated September 9, 2009, the defendant denied the plaintiff's request because it had not found any basis for reopening the

determination to cease his benefits, or support for the contention that the plaintiff did not understand the disability process and had not received an adequate explanation of the disability process (id., pp. 13-16). The SSA representative stated that the plaintiff's submission of multiple work reports, employment in the skilled field of insurance sales, and the plaintiff's receipt of numerous notices from, and discussions with, the SSA regarding its work activity provisions belied those assertions (see id., p. 16). The plaintiff requested reconsideration of that decision, which was denied (id., pp. 17, 18).

The plaintiff subsequently requested an administrative hearing (id., p. 19). The law judge stated that the plaintiff was not entitled to a hearing because a request to reopen a determination is not subject to administrative review (id., p. 27).[2] Further, the law judge agreed with the previous conclusions that there was no basis to reopen the plaintiff's claim (id.). The law judge added that the plaintiff's correspondence to the SSA exhibited a degree of knowledge and sophistication that rebutted the contention the plaintiff was unable to understand the appeals process (id.).

---

[2]The notice denying reconsideration erroneously indicated that the plaintiff could request a hearing before an administrative law judge (Doc. 9-2, p. 18).

The plaintiff sought review of the law judge's decision with the Appeals Council, which dismissed the plaintiff's request for review (id., p. 32). The Appeals Council similarly found no basis for reopening the plaintiff's claim, and stated that the plaintiff had failed to show he lacked the mental ability to understand the disability process or pursue an appeal of an adverse decision (id., p. 35).

The plaintiff then filed this action, asking this court to review the Commissioner's denial of reopening of his claim (Doc. 1). The Commissioner has filed a Motion to Dismiss Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (Doc. 9). The plaintiff opposes the motion (Doc. 14). The defendant, with leave of court, filed a reply (Doc. 17).

II.

In his complaint, the plaintiff attempts to invoke this court's jurisdiction pursuant to 42 U.S.C. 405(g) to review a decision of the Commissioner denying reopening of a prior termination of the plaintiff's disability benefits (Doc. 1, p. 1). As the Commissioner correctly argues, this court does not have subject matter jurisdiction of such a suit.

A claimant may request, under certain conditions, the Commissioner to reopen an unfavorable decision or determination which has become binding due to his failure to seek timely administrative review. See 20 C.F.R. 404.987(a). However, the circumstances under which reopening may be sought become more limited as time passes. See 20 C.F.R. 404.988. In light of the 20-year gap between the final and binding termination of the plaintiff's disability benefits and his request for reopening, the only applicable provision permits the reopening of a determination or decision "[a]t any time ... [i]t is fully or partially unfavorable to a party, but only to correct ... an error that appears on the face of the evidence that was considered when the determination or decision was made." 20 C.F.R. 404.988(c)(8).

Further, if the Commissioner refuses to reopen a prior determination, the district court generally lacks subject matter jurisdiction to review that denial. Sherrod v. Chater, 74 F.3d 243, 245 (11th Cir. 1996). Thus, as the Eleventh Circuit summarized (id.):

> The district court's jurisdiction ... is limited by the Social Security Act, and judicial review only exists over "final decisions of the Secretary." 42 U.S.C. § 405(g). As a general matter, district courts do not

> have jurisdiction over the Secretary's refusal to reopen a claim since such a refusal is not a "final decision" within the meaning of section 405(g). Califano v. Sanders, 430 U.S. 99, 107-08, 97 S.Ct. 980, 985-86, 51 L.Ed.2d 192 (1977); Stone v. Heckler, 778 F.2d 645, 646-47 (11th Cir.1985).

More precisely, the Supreme Court has stated that §405(g) "clearly limits judicial review to a particular type of agency action, a 'final decision of the [Commissioner] made after a hearing.'" Califano v. Sanders, 430 U.S. 99, 108 (1977). As the Supreme Court stated, allowing judicial review of a denial of reopening would frustrate the congressional purpose in §405(g) of imposing a 60-day limitation upon judicial review of a final decision, a limitation which was designed to forestall repetitive or belated litigation of stale eligibility claims. Id.

An exception to this rule is that "judicial review may be had where the claimant raises a colorable constitutional issue" that warrants reopening of the claim. Sherrod v. Chater, supra, 74 F.3d at 245. That exception does not apply here.

On July 24, 1989, the SSA wrote to the plaintiff advising him that a determination would be made that he had demonstrated an ability to engage in SGA and that his benefits would cease as of March 1988 unless he

provided contrary information within ten days (Doc. 9-2, Ex. 5). Consequently, in the absence of any such information, the SSA, by letter of August 25, 1989, notified the plaintiff that a determination had been made that he had become able to do substantial gainful work in January 1988, and that his benefits would cease as of March 1988 (id., Ex. 6). The letter advised the plaintiff that, if he disagreed with the determination, he could request reconsideration within 60 days of receipt of the letter (id.).

There is no evidence that the plaintiff requested reconsideration of the August 25, 1989, determination (Doc. 9-1, p. 3). Therefore, that determination became binding. 20 C.F.R. 404.905.

Moreover, 20 years later, the only possible way for the plaintiff to reopen that binding determination of August 25, 1989, is to show "an error that appears on the face of the evidence that was considered when the determination ... was made." 20 C.F.R. 404.988(c)(8). The plaintiff has not attempted any showing that there was error on the face of the evidence that was considered when the August 25, 1989, determination was made. In fact, the plaintiff states that he "does not contest whatever the Defendant did or did not do in 1989" (Doc. 14, p. 6). Accordingly, there is no basis for reopening

the August 25, 1989, determination terminating the plaintiff's benefits as of March 1988 and, consequently, that determination remains binding.

Seemingly recognizing that a straight-forward request to reopen the August 25, 1989, determination would be unavailing, the plaintiff seeks to challenge the SSA's alleged failure to reinstate automatically the plaintiff's benefits in March 1990 at the end of the period of extended eligibility (id., pp. 10-11). That contention is meritless.

In the first place, the failure to reinstate benefits does not even amount to an administrative action. In all events, it certainly does not constitute a "final decision of the Commissioner made after a hearing," which is the only type of agency action that is subject to judicial review under §405(g). Califano v. Sanders, supra, 430 U.S. at 108.

Furthermore, the non-action regarding reinstatement of benefits is not something that is subject to reopening. The regulations limit re-openings to "a determination or a decision." 20 C.F.R. 404.987. Under the regulations, "*[d]ecision* means the decision made by an administrative law judge or the Appeals Council," and "*[d]etermination* means the initial determination or the reconsidered determination." 20 C.F.R. 404.901 (emphasis added). The failure to reinstate automatically the plaintiff's

benefits does not fall into any of these categories. Therefore, the reopening provisions have no application to the alleged failure to reinstate automatically the plaintiff's benefits.

In sum, the only aspect of the administrative process that the plaintiff challenges is not subject to judicial review. I therefore recommend that the Commissioner's Motion to Dismiss Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (Doc. 9) be granted, and that the complaint be dismissed.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: APRIL 26, 2012

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).